**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| DAVID L. BUCHE, and | ) | |
| KAREN BUCHE, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No: |
| | ) | |
| WALGREENS COMPANY | ) | |
| d/b/a WALGREENS DRUG STORE | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## <u>NOTICE OF REMOVAL</u>

COMES NOW Defendant, Walgreen Co., by counsel, Edward W. Hearn and Susan K. Swing of JOHNSON & BELL, P.C., pursuant to Title 28 U.S.C. §§ 1332, 1441 and 1446, and hereby files its Notice of Removal of the cause entitled David and Karen Buche v. Walgreen Co., filed in the Jasper Superior Court, Jasper County, Indiana, under cause number 37D01-2201-CT-000064.  As grounds for removal, Defendant states as follows:

1.     Plaintiff commenced an action against the above-referenced Defendant on or about January 26, 2022, by filing a Complaint in the Jasper Superior Court of Jasper County, Indiana, under Cause Number 37D01-2201-CT-000064. A true and correct copy of the Complaint is attached hereto and made a part of this Notice of Removal as "Exhibit "1".

2.     Defendant, Walgreen Co., was served with the Summons and the Complaint on February 1, 2022.

3.      Defendant, Walgreen Co. is an Illinois corporation with its principal place of business in Illinois.  Accordingly, pursuant to federal law, Walgreen Co. is considered to be a citizen of the State of Illinois.

4.      Plaintiffs, David and Karen Buche, alleged in their complaint that they are domiciled in Demotte, Jasper County in the State of Indiana and thus they are citizens of the State of Indiana.

5.      Since Plaintiffs and Defendant are "citizens" of different states, there is complete diversity of citizenship between the Plaintiffs and the Defendant pursuant to 28 U.S.C. Section 1332(a).

6.      In an effort to determine the amount in controversy, on February 8, 2022, the Defendant's counsel served Plaintiffs' counsel, Charles Dargo, with correspondence requesting Plaintiffs advise whether they would agree to stipulate that the amount in controversy does not meet the jurisdictional amount of $75,000.00, or otherwise the Defendant would proceed to remove the case to federal court. On February 25, 2022, Plaintiff's counsel, Attorney Dargo, responded that the amount in controversy exceeds $75,000.

7.      Plaintiffs have not agreed to stipulate that the damages do not meet the jurisdictional requirement for removal to federal court.  The Seventh Circuit has held that if a plaintiff really wants to prevent removal, she should stipulate to damages not exceeding the $75,000 jurisdictional limit. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006). Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints. *Id*. A stipulation will have the same effect as a statute that limits a plaintiff to the recovery sought in the complaint.  *Id*.  The Seventh Circuit determined in *Oshana*, that the plaintiff's refusal to admit that her recovery would not exceed $75,000 raised the reasonable inference that it would.  *Id*.

8.      Furthermore, Plaintiffs have alleged that their damages include permanent and severe personal injuries, expenses for hospital, diagnostic, therapeutic, pharmaceutical and other past and future medical expenses; past and future pain, suffering, terror, fright, humiliation, and loss of enjoyment of life; temporary physical disability, lost wages/income, loss of future earning capacity and other injuries and damages of a personal and pecuniary nature.

9.      Defendant, Walgreen Co., has filed this Notice of Removal within thirty (30) days of notification by Plaintiffs of their refusal to stipulate that the amount in controversy is less than $75,000.00.

10.      Although the Defendant denies the material allegations of the Plaintiffs' Complaint, based upon Plaintiffs' refusal to stipulate that the amount in controversy is not $75,000.00, there is a reasonable probability that the amount in controversy exceeds the Seventy-Five Thousand Dollars ($75,000.00) jurisdictional amount, exclusive of interests and costs.

10.      This Court has original jurisdiction over the underlying state court case pursuant to the provisions of 28 U.S.C. Section 1332.  This action may be removed pursuant to the provisions of 28 U.S.C. Section 1441 and Section 1446 because the matter in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of costs and interest, and is between citizens of different states.

11.      Upon filing this Notice for Removal, the Defendant, Walgreen Co., will give written notice of the filing of this Notice for Removal to all attorneys of record and the Clerk of the Jasper Superior Court.

12. The Defendant, Walgreen Co., demands a trial by jury on all issues triable by jury.

Respectfully submitted,

**JOHNSON & BELL, P.C.**

By: */s/ Edward W. Hearn*
Edward W. Hearn, #18691-64
Susan K. Swing, #25786-45
11041 Broadway
Crown Point, IN  46307
219/791-1900
hearne@jbltd.com
swings@jbltd.com
*Attorneys for Defendant, Walgreen Co.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2022, I have electronically filed the foregoing with the Clerk of the Court using CM/ECF system which sent notification of such filing to all counsel of record.

*/s/ Edward W. Hearn*