| | | |
|---|---|---|
| STATE OF INDIANA | } }SS: | JASPER COUNTY SUPERIOR COURT |
| COUNTY OF JASPER | } | SITTING IN RENSSELAER, INDIANA |

DAVID L. BUCHE, AND
KAREN BUCHE }
    Plaintiffs, }
     }
-vs- }    CAUSE NO.: 37D01-2201-CT-000064
     }
WALGREENS COMPANY d/b/a }
WALGREENS DRUG STORE }
    Defendant. }

## COMPLAINT FOR DAMAGES AND JURY DEMAND

Comes now the Plaintiffs, David L. Buche and Karen Buche, by counsel, Charles P. Dargo of the **LAW OFFICES OF CHARLES P. DARGO, P.C.** and for their cause of action against the Defendant, Walgreens Company d/b/a Walgreens Drug Store, alleges and states as follows:

1. At all relevant times herein David L. Buche (hereinafter "David") was a resident of Demotte, Jasper County, Indiana.

2. At all relevant times herein Karen Buche (hereinafter "Karen") was a resident of Demotte, Jasper County, Indiana.

3. At all relevant times herein Walgreens Company d/b/a Walgreens Drug Store (hereinafter "Walgreens") was a foreign for-profit corporation, licensed to do business in the state of Indiana, with this specific injury/accident occurring at the 226 N. Halleck St, Demotte, IN 46310, Jasper County, Indiana location.

EXHIBIT 1

## COUNT I
## NEGLIGENCE/PREMISES LIABILITY

Comes now the Plaintiff, DAVID L. BUCHE, by counsel, Charles P. Dargo of the LAW OFFICES OF CHARLES P. DARGO, P.C. and for Count I of this cause of action against the Defendant, WALGREENS COMPANY d/b/a WALGREENS DRUG STORE, alleges and states as follows:

4. Plaintiff repeats and re-alleges the allegations of rhetorical paragraphs one (1) through four (4), above, including sub-parts, as rhetorical paragraph five (5) of Count I of this cause of action.

5. At all relevant times herein, Walgreens owned, operated, managed and/or controlled the improvements, including the ramps, sidewalks and parking area of the Walgreens Drug Store (hereinafter "the Premises"), located at 226 N. Halleck Street, Demotte, Jasper County, Indiana.

6. At all relevant times herein, Walgreens, was responsible for snow and/or ice removal from the Premises located at 226 N. Halleck Street, Demotte, Jasper County, Indiana.

7. On or about February 17, 2021, David was a business invitee of the Walgreens Drug Store located at 226 N. Halleck Street, Demotte, Jasper County, Indiana.

8. On or about February 17, 2021, Walgreens allowed to exist an unreasonably dangerous condition on the Premises including, but not limited to, a build-up of snow and ice in the ramps and/or sidewalk area and parking lot.

9. On or about February 17, 2021, David slipped and fell on the unreasonably dangerous condition snow and ice on the Premises.

10. On or about February 17, 2021, Walgreens, owed David, and other invitees, a duty to maintain the common areas of the premises, including but not limited to the ramps, sidewalks,

parking lot and parking areas in a reasonably safe condition for the protection of invitees, including David.

11. On or about February 17, 2021, Walgreens breached the foregoing duty, was negligent, and/or reckless in one or more of the following respects, *inter alia*:

   A. Walgreens, caused or allowed the premises, including the improvements thereto, to be in an unreasonably dangerous condition;

   B. Walgreens, failed to warn David and others of unreasonably dangerous conditions on the subject premises when it knew, or should have known in the exercise of reasonable care, said unreasonably dangerous conditions would not be discovered by invitees, such as David, during his presence on the premises;

   C. Walgreens, failed to maintain the premises in a reasonably safe condition for normal and expected use by invitees, such as David;

   D. Walgreens, maintained the premises and improvements at the subject property in such a manner so as to violate industry standards and guidelines, state regulations and codes, local regulations and ordinances, as well as other regulations and laws;

   E. Walgreens, failed to use the same care in maintaining, inspecting, or otherwise removing snow and ice on the premises and improvements at the subject property that other similarly situated companies would have used under the same or substantially similar circumstances;

12. As a direct and proximate result of the aforementioned acts and omissions by Walgreens, David slipped and fell down the unreasonably dangerous build-up of snow and ice, in

the common areas of the premises, including but not limited to the ramps, sidewalk, parking lot and/or parking areas of the premises, and was injured.

13. As a direct and proximate result of his fall, David sustained permanent and severe personal injuries, incurred and will incur hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain, mental suffering, terror, fright, humiliation, and loss of enjoyment of life; incurred temporary physical disability; suffered lost wages, loss of income, and loss of future earning capacity; and incurred other injuries and damages of a personal and pecuniary nature.

**WHEREFORE,** Plaintiff, David L. Buche, by counsel, Charles P. Dargo of the **LAW OFFICES OF CHARLES P. DARGO, P.C.,** prays for judgment against the Defendant, WALGREENS COMAPANY d/b/a WALGREENS DRUG STORE in an amount sufficient to compensate David L. Buche, for his damages and injuries, for the costs of this action, and for all other relief just and proper on the premises.

## COUNT II
## LOSS OF CONSORTIUM

Comes now the Plaintiff, KAREN BUCHE, by counsel, Charles P. Dargo of the **LAW OFFICES OF CHARLES P. DARGO, P.C.,** and for COUNT II of her cause of against the Defendant, WALGREENS COMPANY d/b/a WALGREENS DRUG STORE, alleges and states as follows:

14. Plaintiff incorporates by reference the allegations made in rhetorical paragraphs one through fourteen (1-14) above, including sub-parts, as paragraph fifteen (15) of Count II of this Complaint.

15. At all relevant times herein, Karen Buche was the spouse of David L. Buche.

16. As a direct and proximate result of the Defendant's negligence and David's proximately resulting injuries, Karen has been deprived of a portion of David's love, companionship, and other services, which he ably provided her as her Husband prior to February 17, 2021.

**WHEREFORE**, Plaintiff, KAREN BUCHE, by counsel, Charles P. Dargo of the **LAW OFFICES OF CHARLES P. DARGO,** prays for judgment against the Defendant, in an amount sufficient to compensate her for her injuries and damages, for the costs of this action, and for all other relief just and proper in the premises.

Respectfully submitted,

**LAW OFFICES OF CHARLES P. DARGO, P.C.**

/s/ Charles P. Dargo
Charles P. Dargo, # 22325-18
Attorney for Plaintiffs

## JURY DEMAND

Comes now the Plaintiffs, by counsel, and hereby demands a trial by jury on all issues presented by way of this litigation.

Respectfully submitted,

LAW OFFICES OF CHARLES P. DARGO, P.C.

/s/ Charles P. Dargo
Charles P. Dargo, # 22325-18
Attorney for Plaintiffs

LAW OFFICES OF CHARLES P. DARGO, P.C.
Charles P. Dargo, #22325-18
5985 E. 1015 N.
DeMotte, Indiana, 46310
Tel: 219-345-3114
Fax: 219-345-3224

| | | |
|---|---|---|
| STATE OF INDIANA | } | JASPER COUNTY SUPERIOR COURT |
| | }SS: | |
| COUNTY OF JASPER | } | SITTING IN RENSSELAER, INDIANA |

DAVID L. BUCHE, AND
KAREN BUCHE
    Plaintiffs,    }

-vs-    }    CAUSE NO.: 37D01-2201-CT-000064

WALGREENS COMPANY d/b/a
WALGREENS DRUG STORE
    Defendant.

## E-FILING APPEARANCE BY ATTORNEY CIVIL CASE

**This Appearance Form must be filed on behalf of every party in a civil case.**

1. The party on whose behalf this form is being filed is:

    Initiating _X_____ Responding _____ Intervening _____; and

    the undersigned attorney and all attorneys listed on this form now appear in this case for the following parties:

    Name of party: **DAVID L. BUCHE & KAREN BUCHE**

    Address of party: (see question #5 below if this case involves a protection from abuse order, a workplace violence restraining order, or a no-contact order)

    _____

    Telephone # of party: _____

    (List on a continuation page additional parties this attorney also represents in this case)

2. Attorney information for service as required by Trial Rule 5(B)(2):

    Name: Charles Phillip Dargo    Atty No. 22325-18
    Law Offices of Charles P. Dargo    Address: 5985 E. 1015 N.
    Phone #: 219-345-3114    Demotte, Indiana 46310
    Fax #: 219-345-3224    Web address:
        dargo@bettercallmylawyer.com

    (List on continuation page additional attorneys appearing for above party)

**IMPORTANT:** Each attorney specified on this appearance:

    (a) certifies that the contact information listed for him/her on the Indiana Supreme Court Roll of Attorneys is current and accurate as of the date of this Appearance;
    (b) acknowledges that all orders, opinions, and notices from the court in this matter that are served under Trial Rule 86(G) will be sent to the attorney at the email address(es) specified by the attorney on the Roll of Attorneys regardless of the contact information listed above for the attorney; and

    (c) understands that he/she is solely responsible for keeping his Roll of Attorney contact information current and accurate, see Ind. Admis. Disc. R. 2(A).

3. This is a **CT** case type as defined in administrative Rule 8(B)(3).

4. This case involves support issues: Yes ___ No _X_ (If yes, supply social security numbers for all family members on a separately attached document filed as confidential information on light green paper. Use form TCM-TR3.1-4).

5. This case involves a protection from abuse order, a workplace violence restraining order, or a no-contact order. Yes ___ No _X_ (If yes, the initiating party must provide an address for the purpose of legal service but that address should not be one that exposes the whereabouts of the Petitioner). The party shall use the following address for purposes of legal service.

    _____ Attorney address

    _____ The Attorney General Confidentiality program address
        (contact the Attorney General at 1/800/321-1907 or e-mail address is **contfidential@atg.in.gov**).

    _____ Another address (provide)
_____

6. This case involves a petition for involuntary commitment. Yes _____ No _X_

7. There are related cases: Yes ___ No _X_ (If Yes, list on continuation page.)

8. Additional information required by local rule: _____

9. There are other party members: Yes ___ No _X_ (If yes, list on continuation of this page.)

10. This form has been served on all other parties and Certificate of Service attached: Yes ___ No _X_

                                          Respectfully Submitted:

                                          **Law Offices of Charles P. Dargo, P.C.**

                                          */s/ Charles P. Dargo*
                                          Charles P. Dargo
                                          Attorney for Plaintiffs